# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

Case No.: 3:10-bk-03705-PMG
Chapter 11

In Re:

Apadana Investments, Inc.,
      Debtor.
_____/

## ORDER ON DEBTOR'S EMERGENCY MOTION FOR AN ORDER (I) APPROVING SALE OF ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS (II) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO SECTIONS 363(b), (f) AND (m) OF THE BANKRUPTCY CODE AND MOTION TO SHORTEN NOTICE REGARDING DEBTOR'S EMERGENCY MOTION FOR AN ORDER (I) APPROVING SALE OF ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS (II) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO SECTIONS 363(b), (f) AND (m) OF THE BANKRUPTCY CODE

**THIS MATTER** came before the Court for hearing (the "Sale Hearing") on July 12, 2010 upon *Debtor's Emergency Motion for an Order (i) Approving Sale of Assets Outside the Ordinary Course of Business (ii) Authorizing the Sale of Assets Free and Clear of all Liens, Claims, Encumbrances and Interests Pursuant to Sections 363(b), (f) and (m) of the Bankruptcy Code* (the "Sale Motion"), the *Motion to Shorten Notice Regarding Debtor's Emergency Motion for an Order (i) Approving Sale of Assets Outside the Ordinary Course of Business (ii) Authorizing the Sale of Assets Free and Clear of all Liens, Claims, Encumbrances and Interests Pursuant to Sections 363(b), (f) and (m) of the Bankruptcy Code* (the "Motion to Shorten Notice"), and *Regions Bank's Limited Objection to the Sale Motion* [D.E. 31, 33, and 36].[1] Based on the statements of counsel on the record and the entire record before the Court

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Sale Motion and the Motion to Shorten.

**IT IS HEREBY FOUND, DETERMINED AND CONCLUDED THAT:**[2]

A.     The findings and conclusion set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.     To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.     The Court has jurisdiction over this matter and over the property of the Debtor's estate, including Property 3, pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

D.     The statutory predicates for the relief sought in the Sale Motion and the basis for the approvals and authorizations herein are (i) Bankruptcy Code §§102, 105 and 363 as well as (ii) Bankruptcy Rules 2002, 6004 and 9014.

E.     On April 30, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has continued in possession and management of its business and properties as debtor in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

F.     As evidenced by the certificates of service filed with the Court, proper, timely, adequate and sufficient notice of the proposed sale, the Sale Motion, and the Sale Hearing have been provided in accordance with Bankruptcy Code §§ 102(1) and 363(b), Bankruptcy Rules 2002, 6004, 9006, 9007, 9008 and 9014, the local rules of this Court, and the procedural due

---

[2] All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Sale Motion and the Motion to Shorten Notice are hereby incorporated herein to the extent not inconsistent herewith.

process requirements of the United States Constitution. No other or further notice of the proposed sale, the Sale Motion, or the Sale Hearing is necessary or shall be required.

G. A reasonable opportunity to object or to be heard regarding the requested relief has been afforded to all interested persons and entities, including without limitation, (a) the U.S. Trustee; (b) Regions Bank; (c) the St. Johns County Tax Collector, and (d) all other parties known to be asserting a lien on the real property in question.

H. The Debtor has demonstrated a sufficient basis and compelling circumstances requiring it to enter into Sale and Purchase Contract and sell the parcel of real property described as Property 3 under Bankruptcy Code §363, and such actions are appropriate exercises of the Debtor's business judgment and in the best interests of the Debtor, and its creditors. Such business reasons include, but are not limited to, the facts that (i) there is substantial risk of deterioration of the value of Property 3 if the sale is not consummated quickly; (ii) the Successful Bid as described in the Sale and Purchase Agreement (iii) the sale of Property 3 will present the best opportunity to realize the value real property and avoid the current decline of the real estate market; and (iv) unless the sale is concluded expeditiously as provided for in the Sale Motion, creditors recoveries will be diminished.

I. The Buyer is not an "insider" or "affiliate" of the Debtor as those terms are defined in the Bankruptcy Code. The Buyer is a buyer in good faith, as that term is used in the Bankruptcy Code and the decisions thereunder, and is entitled to the protections of Bankruptcy Code §§ 363(m) and (n) with respect to the Resort Assets acquired. The Sale and Purchase Agreement was negotiated and entered into in good faith, based upon arm's length bargaining, and without collusion or fraud of any kind. Neither the Debtor nor the Buyer has engaged in any conduct that would prevent the application of Bankruptcy Code § 363(n) to the Sale and

Purchase Agreement or to the consummation of the sale transaction and transfer of the real property to the Buyer. The Buyer is entitled to all the protections and immunities of Bankruptcy Code § 363(m).

J.    The Debtor is authorized to execute any and all documents necessary to convey good title to the Buyer. No additional consents or approvals are required by the Debtor to consummate the transaction.

K.    The Debtor has advanced sound business reasons for seeking to sell Property 3 as more fully set forth in the Sale Motion and has demonstrated at the Sale Hearing, that it is a reasonable exercise of the Debtor's business judgment to sell Property 3 and to consummate the real estate transaction. Notwithstanding any requirement for approval or consent by any person, the transfer of Property 3 to the Buyer is a legal, valid and effective transfer of the real property.

L.    Except as provided herein, Property 3 shall be sold free and clear of any lien, encumbrance, pledge mortgage, deed of trust, security interest, claim, lease, charge, option, right of first refusal or first offer, easement, servitude, restrictive covenant, encroachment, hypothecation, debt, levy, indenture, proxy, voting trust or agreement, transfer restriction, or encumbrance of any other similar restriction of any kind (except as otherwise provided herein) (collectively "Interests"). Such Interests shall attach to the consideration to be received by the Debtor in the same priority, having the same validity (or invalidity) and subject to the same defenses and avoidability, if any, as before the sale.

M.    The transfer of the real property to Buyer is a legal, valid and effective transfer of Property 3 and shall vest Buyer with all right, title and interest of the Debtor in the property free and clear of any and all Interests.

N.     The Debtor may sell Property 3 free and clear of all Interests of any kind or nature whatsoever because one or more of the standards set forth in Bankruptcy Code § 363(f) have been satisfied.  Those holders of Interests who did not object to the sale of Property 3 and the Sale Motion are deemed to have consented pursuant to Bankruptcy Code § 363(f)(2).

O.     The Debtor and its creditors would be adversely impacted if Property 3 is not sold at the proposed sale free and clear of all Interests.

P.     In the absence of a stay pending appeal, the Buyer is acting in good faith, pursuant to Bankruptcy Code § 363(m), in closing the transaction contemplated by the Sale Motion at any time on or after the entry of this Order and cause has been shown as to why this Order should not be subject to the stay provided by Bankruptcy Rule 6004(h).

Q.     The sale of Property 3 outside of a plan of reorganization pursuant to the Sale Motion neither impermissibly restructures the rights of the Debtor's creditors nor impermissibly dictates the terms of a liquidating plan of reorganization for the Debtor.  The sale does not constitute a *sub rosa* chapter 11 plan.

R.     Time is of the essence in consummating the sale of Property 3.  In order to maximize the value of Property 3, it is essential that the sale occur no later than July 15, 2010. Accordingly there is cause to lift the stays contemplated by Bankruptcy Rule 6004.

**NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The relief requested in the Sale Motion is granted in its entirety with respect to Property 3 with the Buyer paying a purchase price of three million three hundred thirty thousand ($3,330,000.00) subject to the terms and conditions of the Sale and Purchase Agreement.

2.      All objections, responses, and requests for continuance concerning the Sale Motion are resolved in accordance with the terms of this Order and as set forth in the record of the Sale Hearing.  To the extent any such objection, response or objection was not otherwise withdrawn, waived, or settled, it is overruled and denied.

3.      Notice of the sale and the Sale Hearing was fair and equitable under the circumstances and complied in all respects with 11 U.S.C. § 102(1) and Bankruptcy Rules 2002, and 6004.

Approval of Sale:

4.      The sale of Property 3, and the terms and conditions of the Sale and Purchase Agreement are fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

5.      The Buyer is hereby granted and is entitled to all of the protections provided to a good faith buyer under Bankruptcy Code § 363(m).

6.      The Debtor is hereby authorized to fully assume, perform under, consummate, and implement the terms of the Sale and Purchase Agreement together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the Sale and Purchase Agreement, this Order and the sale of Property 3 including without limitation, deeds, assignments, and other instruments of transfer,

and to take all further actions as may be reasonably requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer or its designee without any further corporate action or orders of this Court.

7.      The Debtor and each other person or entity having duties or responsibilities under the Sale and Purchase Agreement, any agreements related thereto or this Order, including without limitation, any title companies or escrow agents, and their respective directors, officers, employees, members, agents, representatives, and attorneys, are authorized and empowered, subject to the terms and conditions contained in the Sale and Purchase Agreement, to carry out all of the provisions of the Sale and Purchase Agreement and any related agreements; to issue, execute, deliver, file, and record as appropriate, the documents evidencing and consummating the Sale and Purchase Agreement, and any related agreements; to take any and all actions contemplated by the Sale and Purchase Agreement, and related to issue, execute, deliver, file, and record, as appropriate, such other contracts, instruments, releases, indentures, mortgages, deeds, bills of sale, assignments, leases, or other agreements or documents and to perform such other acts and execute and deliver such other documents, as are consistent with, and necessary or appropriate to implement, effectuate, and consummate, the Sale and Purchase Agreement, any related agreements and this Order and the transaction contemplated thereby and hereby, all without further application to, or order of the Court.

8.      Effective as of the closing on July 15, 2010, the sale of Property 3 by the Debtor to the Buyer shall constitute a legal, valid and effective transfer of Property 3 notwithstanding any requirement for approval or consent by any person and vests Buyer with all right, title and interest of the Debtor in and to Property 3, free and clear of all Interests of any kind, pursuant to Bankruptcy Code § 363(f).

9.      The sale of Property 3 is not subject to avoidance pursuant to Bankruptcy Code §
363(n).

10.     The Buyer has not assumed or is otherwise not obligated for any of the Debtor's
liabilities.

11.     Subject to the terms of the Sale and Purchase Agreement, the Sale and Purchase
Agreement may be waived, modified, amended or supplemented by agreement of the Debtor, the
Buyer, and Regions Bank, without further action or order of the Court; provided, however, that
any such waiver, modification, amendment, or supplement is not material and substantially
conforms to, and effectuates, the Sale and Purchase Agreement and any related agreements.

12.     This Order and Agreement shall be binding upon and govern the acts of all
persons and entities, including without limitation, the Debtor and the Buyer, their respective
successors and permitted assigns, including, without limitation, any Chapter 11 trustee
hereinafter appointed for the Debtor's estate or any trustee appointed in a Chapter 7 case if this
case is converted from Chapter 11, all creditors of the Debtor (whether known or unknown),
filing agents, filing officers, title agents, escrow agents, recording agencies, secretaries of state,
and all other persons and entities who may be required by operation of law, the duties of their
office or contract, to accept, file, register, or otherwise record or release any documents or
instruments or who may be required to report or insure any title in or to Property 3.

13.     Notwithstanding Bankruptcy Rules 6004 and 7062, this Order shall be effective
and enforceable immediately upon entry and its provisions shall be self-executing, and the Sale
Motion or notice thereof shall be deemed to provide sufficient notice of the Debtor's request for
relief from stay in accordance with Local Rule 6004-1.  In the absence of any person or entity
obtaining a stay pending appeal, the Debtor and the Buyer are free to close under the Sale and

8

Purchase Agreement at any time, subject to the terms of the Sale and Purchase Agreement and this Order. The Buyer has acted in "good faith," and if the Debtor and the Buyer close under the Sale and Purchase Agreement, the Buyer shall be entitled to the protections of Bankruptcy Code § 363(m) as to all aspects of the transactions under and pursuant to the Sale and Purchase Agreement if this Order or any authorization contained herein is reversed or modified on appeal.

14. By agreement of the parties-in-interest, the funds derived from the sale of Property 3 shall be distributed in the following order and priority:

a. All normal, customary and reasonable costs of the transaction shall be paid in full at the closing. However, the fee for the real agent/broker shall be distributed to the Debtor in trust pending approval of the application to employ currently scheduled for hearing on July 28, 2010 and approval of the agent/broker's future fee application.

b. Regions Bank, the first-priority lienholder on Property 3, shall be paid in full at closing, in the total amount of $2,083,650.70 as of July 15, 2010 plus additional interest and attorneys' fees/expenses accruing thereafter.

c. The St. Johns County Tax Collector shall be paid in full at closing for any property taxes and associated fees relating to the parcels of real property listed as Property 2 and Property 3 on the Debtor's Schedule A.

d. U.S. Trustee quarterly fees in the estimated amount of $10,400.00.

e. Pursuant to the cross-collateralization clauses contained in paragraph 6 of the Loan Agreements attached as Exhibits "A", "B" and "C" to Regions Bank's Limited Objection to the Sale Motion, the remaining funds derived from the sale of Property 3 will be distributed as follows:

    i.  The $700,000.00 line of credit from Regions Bank to the Debtor with a loan number ending in 1551 shall be paid in full at the closing including all post-petition interest, attorneys' fees and costs, in the total amount of $704,315.08 as of July 15, 2010 plus additional interest and attorneys' fees/expenses accruing thereafter.

    ii.  Any remaining funds derived from the sale of Property 3 shall be paid to Regions Bank at closing and shall be applied to the loan from Regions Bank to the Debtor with a loan number ending in 9257 securing the property listed as Property 2 in the Debtor's Schedule A, which loan has an outstanding balance of $2,167,579.69 as of July 15, 2010.

15.    This Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order, the Sale and Purchase Agreement in all respects and to decide any disputes concerning this Order and the Sale and Purchase Agreement, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Asset Purchase agreement and this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, priority of funds, and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the assets free and clear of all Interests.

16. If the sale of Property 3 does not close by the end of the day on Friday, August 13, 2010, the Debtor shall file a Notice of Non-Completion of Sale with the Court within 15 days of the sale closing date (August 13, 2010). If the sale closes, the Debtor will file with the closing documents with the Monthly Operating Report.

Dated: _July 14, 2010 At Jacksonville, Florida._

_Paul M. Glenn_
Paul M. Glenn
Chief United States Bankruptcy Judge

Copies furnished to:

Raymond B. LaBella, 1665 Kingsley Avenue, Suite 108, Orange Park, Florida 32073
Regions Bank, Attn.: Bankruptcy Dept., P.O. Box 10063, Birmingham AL 35282-001
Regions Bank, c/o Mychal J. Katz, P.O. Box 6507, Orlando FL 32802-6507
St. Johns County Tax Collector, P.O. Box 9041, Saint Augustine, Florida 32085-9001
Wells Fargo Bank, N.A., c/o John P. Maroney, Esq., Fowler White Boggs, P.A., 50 N. Laura Street, Suite 2800, Jacksonville, FL 32202-3656
Office of the United States Trustee, c/o Elena L. Escamilla, 135 W. Central Blvd., Ste. 620 Orlando, FL 32801-2440